UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
LEANDRO G. DE OLIVEIRA and others similarly situated,

        14-cv-1575-SHS

        Plaintiff(s),

-against-

**DEFENDANTS' MOTION FOR RECONSIDERATION OF CONDITIONAL CLASS CERTIFICATION**

COMPREHENSIVE PAIN MANAGEMENT – ANESTHESIA SERVICES, P.C., and DR. GARY P THOMAS,

        Defendant(s).
-----------------------------------------------------------------------x   JURY TRIAL DEMANDED

Defendants Comprehensive Pain Management- Anesthesia Services, P.C., and Dr. Gary P. Thomas respectfully file this Motion for Reconsideration of the Court's Order granting conditional collective certification (Document 51) (the "Order").

## NATURE AND STAGE OF PROCEEDINGS

On April 7, 2015, the Court granted Plaintiff Leandro De Oliveira's Motion for Conditional Collective Certification. The order created an opt-in class of all hourly employees of Defendants. The Court also ordered that Defendants produce to Plaintiff all time records of its employees from March 7, 2011 to present, as well as any records of complaints of time shaving, and allowed Defendants until May 12, 2015 to file a motion to reconsider.

Defendant has complied with the Court's order, and upon review of the new and previously produced evidence, would show the Court that Plaintiff has failed to establish that the putative class is similarly situated. Therefore, good cause exists for the Court to reverse its ruling on conditional class certification.

**APPLICABLE LEGAL STANDARDS**

*1. FLSA Certification*

To create a class under the FLSA, De Oliveira must show that the putative class is "similarly situated." 29 U.S.C. Sec. 216(b). The key consideration is whether De Oliveira has presented substantial allegations that potential members "were together the victims of a single decision, policy, or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010). Courts generally address this issue by examining two things: (1) the factual and employment settings of the individual plaintiffs, and (2) the existence of a common policy or plan affecting the potential plaintiffs. Further, while the FLSA conditional class certification requires a more modest showing than traditional Fed. R. Civ. P. 23 class certification, Plaintiff must nonetheless allege "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims" of Defendants' alleged practice. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). De Oliveira has not made the factual showing required to justify approval of a nationwide collective action. A FLSA Plaintiff needs to make at least a "modest factual showing" that he is similarly situated "*with respect to [his] allegations that the law has been violated.*" *Fasanelli v. Heartland Brewery, Inc*. 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (internal quotation omitted) (emphasis in original). Indeed, in *Fasanelli*, certification was granted in part because Plaintiff's allegations were supported by the claims of eighteen opt-in plaintiffs. *Fasanelli* at 322. Even at the lenient first stage of certification, mere allegations of wrongdoing, without more, will not suffice.

*2. Reconsideration*

The Court has the explicit authority to overturn its ruling on collective certification. A determination on class certification may be altered or amended before the decision on the merits

"if, upon fuller development of the facts, the original determination appears unsound." Fed. R. Civ. P. Rule 23(c), Notes of Advisory Comm., Subdivision (c)(1) (1966); see also *In re FleetBoston Fin. Corp. Sec. Litig.*, 2007 WL 4225632, *5 (D.N.J. Nov. 28, 2007). Therefore, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL lrrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 123 (E.D.N.Y. July 8, 2011); Fed. R. Civ. P. 59(E); Local Civ. R. 6.3.   Reconsideration will generally be denied unless the moving party can point to matters "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Defendants argue that reconsideration is appropriate here due to the development of new evidence that weighs against collective certification.

## NEW EVIDENCE DEFEATS PLAINTIFF'S MOTION

*1. Plaintiff's Assertions Are Unfounded*

Defendants argued previously that Plaintiff's motion for class certification should fail because De Oliveira's job duties were unique among Comprehensive Pain Management employees and he admitted that he failed to clock in and accurately record his time. *See* Dkt. No. 43 and exhibits. Furthermore, De Oliveira falsely represents that Defendants have a pattern and practice of shaving time, so he is not similarly situated to any of the putative class members. *Id.* Here, De Oliveira cannot even meet his first-stage burden of showing that he and the putative class are similarly situated, or that Defendants engaged in a common scheme to deny overtime pay to its hourly employees. In the fourteen months since this case commenced (including the

five weeks since the court granted conditional certification), no other plaintiffs have joined the suit. De Oliveira stands alone in his allegations of time shaving and has not produced any evidence of Defendants' wrongdoing.

2. *The Evidence Speaks For Itself*

To summarize the facts related to the time shaving issue, Defendants use a computerized system, Time Clock Plus, for employees to record their hours worked. De Oliveira alleges that CPM managers Konstantinos Siafaros ("Kostas") and David Van Dame ("Van Dame") retroactively reduced employee hours. However, his evidence is based solely on the claim that he (1) saw Kostas in the Time Clock Plus editing screen; (2) observed changes in his time sheet during a migration of files, and (3) expected Van Dame to enter his time records when he was working at one of CPM's other office locations. *See* Dkt. No. 43, Exh. A, De Oliveira Dep. Trans. The allegations of time shaving fly in the face of De Oliveira's own deposition testimony. De Oliveira admits that he did not always record his time correctly, nor did he always clock in for himself—in fact, Kostas or Van Dame regularly added time for him. He further admits that he saw Kostas at his computer with the Time Clock Plus editing screen open, but did not actually know whether Kostas was adding time or subtracting it. If the Plaintiff's allegations were true, the Time Clock change logs would show early clock in punches being replaced with later ones, and/or later clock out punches being replaced with earlier ones, in order to reduce the overall hours worked. That is not the case here.

The records produced by Defendants in connection with the court's order constitute new evidence that supports a meritorious Motion for Reconsideration. The time records for all CPM employees during the relevant time period have been examined by VanDame. Defendants produced over four years (February 28, 2011 through April 24, 2015) of hour change logs, along

with the corresponding time reports and pay records for thirty eight employees. All of that data contained only a handful time deletions. However, those deletions and the adding of correct punch-in or punch-out time often resulted in more hours.  The investigation yielded the following result—there is no policy of reducing employee hours worked. All of the edits made to employee time records add time where workers missed a punch, or forgot to clock their time for the day entirely. *See* Exhibit A, Declaration of David VanDame.  The sample Hour Change Log in Exhibit B illustrates that most time edits were caused by an employee who forgot to punch in or punch out, requiring a manger to help the employee correctly log in his or her time.  By correcting their employees' time records to reflect time actually worked, Defendants are meeting their obligation as employers to accurately record hours worked.

All of Defendant's employees were properly credited for time worked, including overtime. Without any evidence of a pattern or practice of time shaving, the putative class is not similarly situated and accordingly there is no class.

## CONCLUSION

De Oliveira has not put forth evidence that demonstrates Defendants have a policy and practice of violating federal and state overtime laws, whereas Defendant has put forth cumulative evidence showing the opposite. In fact, discovery is substantially concluded and Defendant has no more documents to produce that are relevant to the time editing issue. To let conditional class certification stand would be manifestly unjust to Defendants because the evidence shows that there is no foundation for Plaintiff's claims.

## PRAYER

Wherefore, Defendants respectfully request that the Court reconsider the Plaintiff's Motion for Conditional Collective Certification in light of new evidence provided by

Defendants, and reverse its ruling on the motion.

                                            Respectfully submitted,

                                            /S/Trang Q. Tran
                                            Trang Q. Tran
                                            *Pro Hac Vice*
                                            Texas Bar No. 00795787
                                            Federal I.D. 20361
                                            TRAN LAW FIRM, L.L.P.
                                            9801 Westheimer, Suite 302
                                            Houston, Texas 77042
                                            Telephone: (713) 223-8855
                                            Facsimile: (713) 623-6399
                                            Ttran@tranlawllp.com

                                            HQ Nguyen Esq.
                                            111 John St. Suite 1806
                                            New, York, NY 10038
                                            Telephone: (212) 227-8706
                                            Facsimile: (212) 994-6558

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on May 12, 2015, in the following manner to:

                                            /S/Trang Q. Tran
                                            Trang Q. Tran

**VIA FACSIMILE &**
**ELECTRONIC MAIL**

William Li
Patrick James Boyd

The Boyd Law Group, PLLC
370 Lexington Ave., Suite 1012
New York, NY 10017
Fax: 212.867.5765
wli@theboydlawgroup.com
pboyd@theboydlawgroup.com